Richard B. Druby, Esquire
PA Attorney I.D. No. 61904
**NESTICO DRUBY, PC**
1135 East Chocolate
Avenue Suite 300
Hershey, PA 17033
(717) 533-5406
(717) 533-5717 (fax)
rdruby@hersheypalaw.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW A. HARNER<br>422 Mill Bridge Drive<br>Lebanon, PA 17042<br><br>Plaintiff<br><br>v.<br><br>LEBANON CITY POLICE DEPARTMENT<br>and THE CITY OF LEBANON<br>400 South Eighth Street<br>Lebanon, PA 17042<br><br>Defendants | : CIVIL ACTION<br>: NO:<br><br>: JURY TRIAL DEMANDED |

**COMPLAINT**

**JURISDICTION**

1. This Court has jurisdiction over this lawsuit under the Americans with Disability Act (hereinafter "ADA"), 42 U.S.C.A. §12111, The Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621 et seq. and jurisdiction is based on 28 U.S.C. §1331.

2. This Court also has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. §1367.

3. Plaintiff timely filed a discrimination charge against Defendants with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a notice of his right to sue from the EEOC and the Department of Justice within 90 days of the filing of this Complaint. Copies of the notices are attached hereto as **Exhibit A**. Plaintiff also received a Notice from the PHRC permitting Plaintiff to proceed to suit as the claim had been pending with the PHRC for more than one year. A copy of the PHRC notice is attached hereto as **Exhibit B**.

## PARTIES

4. Andrew A. Harner (hereinafter "Plaintiff") is an adult individual residing at 422 Mill Bridge Drive, Lebanon, Lebanon County, Pennsylvania 17042.

5. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

6. The City of Lebanon (hereinafter referred to as "City") is a city of the third class and a Pennsylvania municipal corporation, and at all times relevant hereto is a governmental entity located at 400 S. 8th St # 1, Lebanon, Lebanon County, Pennsylvania 17042, and has continuously had and do now have at least fifteen (15) employees.

7. The Lebanon City Police Department (hereinafter referred to as "Police Department"), is a department of City, and at all times relevant hereto is a governmental entity

located at 400 S. 8th St # 1, Lebanon, Lebanon County, Pennsylvania 17042, and has continuously had and does now have at least fifteen (15) employees.

8. City and Police Department (collectively "the Defendants") are employers within the meaning of the ADA, the ADEA and the Pennsylvania Human Relations Act.

**UNDERLYING FACTS**

9. Plaintiff was employed, and is currently employed after reinstatement as set forth below, as a police officer in the Police Department since 1997.

10. Plaintiff compiled an exemplary record as a police officer and was well respected by his peers in the Police Department.

11. At the time of his termination, Plaintiff performed his duties as a police officer in the fullest capacity with a high level of competence.

12. In his capacity as a police officer, Plaintiff was well-known through the City of Lebanon and was often called upon to serve as the Police Department's representative for public relations events.

13. In October 2009, Plaintiff was dispatched as a first responder to an incident which involved a murder-suicide of a mother and her husband in the family home.

14. Upon his arrival at the scene Plaintiff was confronted by the three horrified, young children of the deceased parents who asked him if their parents were dead.

15. The Plaintiff had children around the same age and, therefore, Plaintiff felt terrible about having to tell them the awful news that both of their parents were in fact deceased.

16. Subsequently, Plaintiff was ordered to prepare a full report detailing the events of this crime scene which forced him to relive these horrific and stressful events again.

17. Despite their actual knowledge of the gruesome and troubling events which unfolded at this crime scene, Defendants failed to offer any type of counseling to Plaintiff.

18. In February 2011, Plaintiff lost a very close friend and fellow police officer to suicide.

19. Less than one (1) month later, Plaintiff lost another very close, longtime friend who was also a police officer.

20. The combination of the aforementioned traumatic events and deaths caused Plaintiff to suffer tremendous grief, and, as a result, Plaintiff started drinking which lead to Plaintiff's disability of alcoholism.

21. On or about August 11, 2012, the Defendants placed the Plaintiff on administrative leave as a result of an incident that occurred on August 2, 2012, when Plaintiff consumed one (1) alcoholic beverage while on duty.

22. Plaintiff had entered a bar while on patrol during a hot day and asked the bartender for a glass of water. While the bartender gave Plaintiff the glass of water, he also provided him with a glass of beer. Plaintiff refused the beer several times but, at the constant insistence of the bartender, Plaintiff drank the one beer and left the establishment.

23. On or about August 11, 2012, Plaintiff placed the Police Department's Captain, Todd Breiner, on notice that he had a drinking problem.

24. Subsequently, in August 2012, Plaintiff voluntarily underwent a professional mental-health evaluation at which time it was recommended that Plaintiff receive treatment for his disability of alcoholism.

25. In September 2012, Plaintiff began an intensive treatment program for his alcoholism at the Carron Foundation.

26. On or about September 11, 2012, Plaintiff sent a typewritten letter to the Defendants placing them on notice that he was in fact receiving treatment for his alcoholism and even included a signed HIPAA release form so that Defendants could review the Plaintiff's treatment file at the Carron Foundation.

27. Defendants, however, never reviewed Plaintiff's treatment file from the Carron Foundation but only sought his "intimate writings" which the Carron Foundation refused to release.

28. Defendants took no further action to verify that Plaintiff was seeking treatment for his alcohol problem.

29. On September 17, 2012, while Plaintiff was in treatment for alcoholism, Captain Breiner requested a meeting with the Plaintiff in the Captain's office.

30. During this meeting Plaintiff inquired if the Defendants would provide any assistance or help with his disability of alcoholism which he acquired on the job as a police officer with Defendants, to which the Chief of Police, Daniel Wright responded, "No, you're fired".

31. It was with that comment that Plaintiff was notified that he was terminated.

32. Furthermore, Plaintiff was falsely informed by Defendants that he no longer had health insurance through the Defendant's carrier and was given paperwork to apply for COBRA benefits.

33. Without health insurance, Plaintiff was unable to complete his treatment for his alcohol problem nor was he able to obtain health care services for his family.

34. Upon his termination, Plaintiff was informed that he forfeited two hundred and ninety six (296) sick days.

35. Prior to this single incident, Plaintiff had consistently received good performance reviews.

36. Additionally, other employees with whom Plaintiff worked believed that Plaintiff was a hard worker who was helpful, diligent and well-respected.

37. Other employees of Defendants took notice of the excessive and harsh consequences which Plaintiff has faced as a result of this incident.

38. According to Defendants, Plaintiff was terminated because of his alleged dishonesty associated with the internal investigation of the August 2, 2012 incident. Specifically, Plaintiff's alleged dishonesty involved a miscommunication and misunderstanding of a line of questioning which was quickly corrected during the same conversation.

39. The reasons cited by the Defendants are simply a pretext for terminating Plaintiff due to Defendants regarding Plaintiff as disabled and due to his disability and/or his age.

40. As a result of grievance procedure arbitration proceeding held on February 4, 2013, Plaintiff was reinstated to his position as the arbitrator determined that Defendants had no just cause to discharge Plaintiff.

41. Plaintiff returned to work on or about May 13, 2013.

42. However, as a result of Defendants' actions in violation of the ADA, ADEA and the Pennsylvania Human Relations Act, Plaintiff suffered damages as set forth below.

**COUNT I : VIOLATION OF AMERICANS WITH DISABILITY ACT**
**42 U.S.C.A. § 12101, et seq.**

43. The foregoing paragraphs are incorporated herein by reference.

44. Defendants intentionally discriminated against Plaintiff in violation of the ADA by its discharge of him, in that it discharged him because it regarded him as disabled despite claiming that he was discharged for alleged dishonesty.

45. Defendants discharged Plaintiff without accommodating him for his disability despite the Defendants being placed on notice of said disability and that Plaintiff was in the midst of treatment, the facts of which are fully set forth above.

46. Defendants failed to provide reasonable accommodations to Plaintiff after being placed on notice of his disability, despite having the means to do so.

47. At all times relevant hereto, Plaintiff was and still is able to perform the essential functions as a police officer.

48. The acts alleged above, including Defendants' willful failure to allow Plaintiff to return to work after treatment for alcoholism because it regarded him as disabled or to find him

another position, constitute unlawful employment practices in violation of the ADA, 42 U.S.C.A. § 12112(a), (b)(1), (b)(3), (b)(5)(A) and (B). All conduct alleged above occurred during a legally cognizable time period while Plaintiff was employed by Defendants.

49. Defendants' employment practices, as alleged above, deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, and were motivated by Defendants' perception of Plaintiff being disabled.

50. Defendants engaged in the above-described conduct against Plaintiff intentionally, with malice and in reckless disregard of Plaintiff's federally protected rights.

51. Plaintiff had a disability of alcoholism arising, in large part, from his stressful work for Defendants.

52. At all relevant times hereto, Plaintiff was able to and still is able to perform the essential functions of his job with reasonable accommodation, which Defendants willfully denied him.

53. Plaintiff was never afforded reasonable accommodation by the Defendants before and/or after termination, despite Plaintiff's requests, and Defendants refused to consider his offers of reasonable accommodations as to the review of his treatment files or any other reasonable accommodation to satisfy Defendants that he was rehabilitating his disability.

54. As a direct and proximate result of Defendants' termination of Plaintiff and Defendants' discriminatory conduct, Plaintiff has suffered damages in the following particulars:

a. Plaintiff has suffered lost wages;

b. Plaintiff lost valuable benefits including, but not limited to, sick time, vacation time, retirement and health benefits;

c. Plaintiff has incurred other out-of-pocket damages;

d. Plaintiff has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and

e. Plaintiff has suffered non-pecuniary losses for which compensation is claimed.

55. Defendants' discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiffs federally protected right to be free from disability discrimination.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants for the violation of the Americans With Disabilities Act, 42 U.S.C.A. § 12112 *et seq.,* and award Plaintiff damages for Defendants' unlawful conduct plus interest, compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that this Court deems just.

**COUNT II - VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA), 29 U.S.C. §621 et seq.**

56. The foregoing paragraphs are incorporated herein by reference.

57. Plaintiff was born on June 17, 1970 and is 44 years old.

58. Plaintiff is in the protected class under The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621 *et seq*.

59. It is believed and therefore averred that younger individuals employed by Defendants received either no discipline or lesser discipline, but not termination, for similar violations of work rules or performance issues at work.

60. Based upon all of the foregoing, Plaintiff alleges that the actions of Defendants are unlawful and discriminatory, and violate the ADEA and the Pennsylvania Human Relations Act.

61. As a direct and proximate result of Defendants's termination of Plaintiff and Defendants's discriminatory conduct, Plaintiff has suffered damages in the following particulars:

a. Plaintiff has suffered lost wages;

b. Plaintiff has lost valuable benefits including, but not limited to, sick time, vacation time, retirement and health benefits;

c. Plaintiff has incurred other out-of-pocket damages;

d. Plaintiff has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and

f. Plaintiff has suffered non-pecuniary losses for which compensatory/liquidated damages are claimed.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants for the violation of The Age Discrimination in Employment Act of 1967 (ADEA) and award Plaintiff damages for Defendants' unlawful conduct plus interest, compensatory, liquidated and punitive damages, attorneys' fees, costs, and any other relief that this Court deems just and proper.

**COUNT III: VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§951-963**

62. The foregoing paragraphs are incorporated herein by reference.

63. Defendants discriminated against Plaintiff in violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 in the following particulars:

a. Plaintiff was engaged in statutorily protected employee activities when he was terminated;

b. Plaintiff was a member of a statutorily protected age group when he was terminated.

c. Plaintiff placed Defendants on notice that he had been diagnosed with a disability for which he requested assistance to treat the disability;

d. Instead, Defendants denied Plaintiff's requests for assistance and ultimately terminated Plaintiff immediately after he was diagnosed with a disability and while he was seeking treatment for the disability;

e. Defendants' supervisors, employees and agents intentionally and maliciously engaged in a course of conduct directly aimed at eliminating Plaintiff from employment;

f. Defendants' supervisors took no action to assist the Plaintiff with his disability and never gave him an opportunity to complete treatment for this disability;

g. Defendants failed to provide Plaintiff with a reasonable accommodation during his time of disability;

h. Plaintiff's disability did not interfere with his ability to perform his duties as a police officer although it affected other major life activities; and

i. Defendants terminated Plaintiff due to his disability and/or age.

64. As a direct and proximate result of Defendants' termination of Plaintiff and Defendants' discriminatory conduct, Plaintiff has suffered damages in the following particulars:

a. Plaintiff has suffered lost wages;

b. Plaintiff has lost valuable benefits including, but not limited to, sick time, vacation time, retirement and health benefits;

c. Plaintiff has incurred other out-of-pocket damages;

d. Plaintiff has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and

e. Plaintiff has suffered non-pecuniary losses for which damages are claimed.

65. Defendants' aforementioned actions are outrageous and were done with a reckless indifference to Plaintiff's rights as an employee.

66. The actions of Defendants are unlawful and discriminatory, and violate the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff respectfully requests that this Court find that Defendants are in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, and award Plaintiff

damages for Defendants' unlawful conduct plus interest, punitive damages, attorneys' fees, costs, and any other relief that this Court deems just and proper.

Respectfully submitted,

**NESTICO DRUBY, P.C.**

______________________

Richard B. Druby, Esquire
NESTICO DRUBY, PC
PA Attorney I.D. No. 61904
1135 East Chocolate Avenue
Suite 300
Hershey, PA 17033
(717) 533-5406
Attorney for Plaintiff

Date: 10/13/14

**VERIFICATION**

I, Andrew Harner, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 10/13/2014

Andrew Harner