**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604
Website: www.eeoc.gov

Our Reference:      Charge Number 17F-2013-61201
                    Andrew Harner v. Lebanon City Police Department and the City of Lebanon

Andrew H. Harner
422 Mill Bridge Drive
Lebanon, PA 17042

Dear Mr. Harner:

The above-referenced charge has been filed with the Equal Employment Opportunity Commission ("EEOC") under both the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

As explained in the enclosed letter, the EEOC has forwarded to the U. S. Department of Justice your request for a Notice of Right-to-Sue with respect to its processing of the ADA portion of the charge. Consistent with its normal practice in such cases, the EEOC will also discontinue its processing of the ADEA portion of the charge.

The rights of a Charging Party to file a private civil action under the ADA will be explained in the Notice of Right-to-Sue.

You are reminded that, if you wish to file suit under the ADEA, you may do so without any Notice from the EEOC. However, the rights of a Charging Party to file a private civil action under the ADA and/or ADEA against a State employer (as explained more completely in the enclosed materials) have been severely limited by recent decisions of the U. S. Supreme Court. The fact that the EEOC will take no further action does not affect your rights to take legal action on your own behalf under the ADA and/or ADEA.

The fact that the EEOC will take no further action does not affect your rights to take legal action on your own behalf under the ADEA. If you filed your charge within the time limits specified above, you may file a lawsuit (subject to the limitations explained in the enclosed materials) within 90 days of the date you receive this letter. Once 90 days have passed from your receipt of this letter, your right to sue is lost.

If you have any questions, please contact Natasha Abel, State & Local Program Manager, at 215-440-2650.

Sincerely,

7/16/14
Date

Natasha Abel
State & Local Program Manager

Enclosures

cc:   Richard B. Druby, Esquire (Counsel for Charging Party)
      Paola T. Kaczynski, Esq. (Counsel for Respondent)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Our Reference: Charge Number 17F-2013-61201
Andrew Harner v. Lebanon City Police Department and the City of Lebanon

Andrew H. Harner
422 Mill Bridge Drive
Lebanon, PA 17042

Dear Mr. Harner:

The Equal Employment Opportunity Commission (EEOC) has received your attorney's request for the issuance of a Notice of Right to Sue in connection with the above-referenced charge. Because the Respondent in this charge is from the public sector, the Notice of Right to Sue must be issued by the U.S. Department of Justice. Therefore, the request has been forwarded to that Agency for action. The Department of Justice will act on your request as soon as possible and issue the Notice of Right to Sue directly to you. You will then have 90 days from your receipt of the Notice of Right to Sue to file a private lawsuit in Federal District Court.

A NOTICE OF RIGHT-TO-SUE ISSUED BY THE DEPARTMENT OF JUSTICE IS APPLICABLE TO CHARGES FILED UNDER TITLE VII AGAINST ANY PUBLIC EMPLOYER AND TO CHARGES FILED UNDER THE ADA AGAINST PUBLIC EMPLOYERS OTHER THAN STATE AGENCIES (SUCH AS COUNTIES, CITIES, SCHOOL DISTRICTS, AND HOUSING AUTHORITIES). HOWEVER, SINCE YOUR CHARGE IS AGAINST AN AGENCY OF THE STATE, YOUR PRIVATE RIGHT TO FILE A FEDERAL LAWSUIT UNDER THE ADA IS LIMITED. PLEASE REVIEW THE ENCLOSED NOTICE WITH RESPECT TO YOUR FEDERAL RIGHTS UNDER THE ADA.

If you have any further questions concerning the issuance of the Notice of Right to Sue, you may write to the Department of Justice at the following address:

> Karen Ferguson, Civil Rights Analyst
> U.S. Department of Justice
> Civil Rights Division
> Employment Litigation Section
> Patrick Henry Bldg., Room 4239
> 10th & Constitution Ave., N.W.
> Washington, DC 20530-0001

Please note that with the issuance of this letter, the EEOC will discontinue its administrative processing of this charge.

If you have any questions concerning the charge or EEOC's processing, please call Natasha Abel, State and Local Program Manager, at (215) 440-2650.

_____7/16/14_____        _____[signature]_____
Date                                              Natasha Abel
                                                       State & Local Program Manager

cc:   Richard B. Druby, Esquire (Counsel for Charging Party)
       Paola T. Kaczynski, Esq. (Counsel for Respondent)



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2015 3684

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 4, 2014

Mr. Andrew A. Harner
c/o Richard B. Druby, Esquire
Law Offices of Nestico & Druby
1135 East Chocolate Ave.
Suite 300
Hershey, PA 17033

Re: EEOC Charge Against City of Lebanon
    No. 17F201361201

Dear Mr. Harner:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious

Sincerely,

Molly J. Moran
Acting Assistant Attorney General
Civil Rights Division

by  Karen J. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office  EEOC
    City of Lebanon



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515
215-440-2600
FAX 215-440-2604
TTY 215-440-2610

# NOTICE

### PRIVATE SUIT RIGHTS
### UNDER

### THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### ("ADEA")

### AND/OR

### THE AMERICANS WITH DISABILITIES ACT
### ("ADA")

The U. S. Supreme Court ruled on January 11, 2000, (in *Kimel v. Florida Board of Regents*), that individuals could not file a civil action in Federal Court under the ADEA seeking monetary damages from a State employer. That ruling held that the 11th amendment of the Constitution granted States immunity against such suits and that, in enacting the ADEA, Congress lacked the authority under the 14th amendment to override that immunity.

On February 21, 2001, the U. S. Supreme Court ruled (in *Board of Trustees of the University of Alabama v. Garrett*) that, for the reasons cited in *Kimel*, individuals similarly could not file a civil action in Federal Court under the ADA seeking monetary damages from a State employer.

Accordingly, Charging Parties who wish to file a lawsuit seeking monetary damages from a State employer for discrimination on the basis of age and/or disability must do so in State Court under the appropriate State law. Therefore, those Charging Parties should be aware of the need to preserve their rights under State law, including (where applicable) the timely filing of an administrative charge with the proper Fair Employment Practices Agency (such as the Pennsylvania Human Relations Commission).

It is the position of the EEOC that neither decision applies to other-than-State employees; that is, to employees of a city or county, a school district, or a quasi-governmental agency (such as a regional transportation authority, housing authority, or parking authority). It is also the position of the EEOC that it has the authority to investigate and, upon finding a violation, attempt to conciliate the matter. Moreover, if the EEOC is unable to secure a conciliation agreement, it may litigate in Federal Court against a State employer under the ADEA and/or refer the matter to the U. S. Department of Justice for its litigation consideration under the ADA.

ATTACHMENT A

## INFORMATION FOR PERSONS WITH AGE DISCRIMINATION CLAIMS AGAINST STATE EMPLOYERS: HOW KIMEL V. FLORIDA BOARD OF REGENTS AFFECTS YOUR RIGHTS

The Supreme Court has recently held in *Kimel v. Florida Board of Regents*[1] that the Federal Age Discrimination in Employment Act (ADEA) does not override a State's constitutional immunity from suits by private persons for monetary relief. Therefore, you may not bring a Federal ADEA discrimination suit seeking monetary relief against a State employer in either Federal or State court, unless the State has given its consent. We know of no State that consents to Federal ADEA suits. However, the Kimel Court noted that persons may recover money damages from their State employers under State age discrimination laws in 44 States.[2]

The age discrimination provisions of the ADEA still apply to State employers. In spite of Kimel, ADEA charges may still be filed with the EEOC and EEOC retains its full authority to seek relief from ADEA violations and to otherwise enforce the Act, including suing States in Federal or State court.

THE ADDITIONAL INFORMATION BELOW MAY OR MAY NOT APPLY TO YOUR CASE. (*Your attorney, EEOC, or a State or local Fair Employment Practices agency that enforces an age discrimination law can explain or discuss these matters with you.*)

- States may permit suits by private persons[3] but can define how they may be sued, such as procedures, who can sue, and in what courts.[4] In this regard, as noted above, many States have laws allowing private age discrimination suits in *State* court under *State* law. (*Therefore, your charge of discrimination, or other factors, may entitle you to sue or otherwise seek relief under State law.*)

- Kimel does not apply to local units of government – counties, cities, school boards, special taxing districts, etc. – if damages awarded will not come from a State's treasury.[5] And Kimel does not apply to interstate compact agencies that are not structured to qualify for immunity.[6]

- While *Kimel* bars private age discrimination suits for monetary relief under Federal law, you may be permitted to sue State officials, in their official capacity, for purely injunctive relief under the ADEA. This theory will have to be tested in the courts by private litigants.

- Your EEOC charge may claim more than one type of discrimination – disability or a Title VII basis (race, color, religion, sex or national origin) – plus age. *Kimel* does not bar Title VII suits in Federal court. However, State law age discrimination suits may not be appended to a Title VII suit in Federal court.[7]

- Title VII and ADA suits may also be filed in State court.[8] Therefore, Title VII or ADA suits can be filed in State court with a *State law* suit that includes, as applicable, State law age discrimination claims.

If you have any questions on your rights under the EEOC statutes, or if you wish to be referred to a private attorney who may consider handling your case, please call the EEOC office where you filed your charge. You may find additional information on the EEOC Internet Web site at www.eeoc.gov.

---

1. 120 S.Ct. 631 (2000)

2. Kimel, note 1

3. *Clark v. Barnard*, 108 U.S. 436 (1883); *Gunter v. Atlantic Coast Line*, 200 U.S. 273 (1906); *Missouri v. Fiske*, 290 U.S. 18, 24 (1933), cited in *Ford Motor Co. v. Dept of Treasury*, 323 U.S. 459 (1945)

4. *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)

5. *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274,280 (1977); *Moor v. County of Alameda*, 411 U.S. 693, 717-721 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)

6. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979)

7. *Pennhurst State School & Hosp. v. Halderman*, 465 US 89,117-21(1984)

8. *Yellow Freight Systems Inc. v. Donnelly*, 493 U.S.953 (1990)

ATTACHMENT B

## INFORMATION FOR PERSONS WITH DISABILITY CLAIMS AGAINST STATE EMPLOYERS

### How *Board of Trustees of the University of Alabama v. Garrett* Affects Your Rights

The Supreme Court recently held in *Board of Trustees of the University Alabama v. Garrett*, 121 S.Ct. 955 (2001), that individuals cannot sue states for monetary damages under Title I of the Americans With Disabilities Act (ADA). This means you cannot bring an ADA disability discrimination suit seeking monetary relief, including compensate damages, back pay, and front pay, against a state employer in either federal or state court, unless the state has given its consent.

The disability discrimination provisions of the ADA still apply to state employers, in spite of Garrett. ADA charges may still be filed with the EEOC. The EEOC will continue to investigate charges against state employers, seek relief through informal methods, and may refer cases to the Department of Justice for enforcement in the courts.

The Additional Information Below May or May Not Apply in Your Case. (*Your attorney, EEOC, or a state or local Fair Employment Practices agency that enforces a disability discrimination law can discuss these matters with you*).

- Most states allow private disability discrimination suits in state court under state law. Therefore, you may be able to sue for monetary relief or otherwise seek relief under state law.

- *Garrett* does not apply to local units of government, such as city police departments or county school boards, unless the local government is an arm of the state. This is determined on a case-by-case basis and depends on state law.

- In *Garrett*, the Supreme Court said that states are still required to comply with Title I of the ADA, and that an individual may still sue a state official (e.g., the Director of a state agency) for *injunctive* relief.

    - Injunctive relief requires that a state official take some action or refrain from taking some action in order to comply with the ADA. An example of injunctive relief would include placing a person in a job that s/he had unlawfully been denied because of a disability. There is a strong argument that injunctive relief could also include providing a reasonable accommodation that requires the expenditure of state funds, although the courts have not yet addressed this issue.

    - Additionally, private parties may also receive attorney's fees in suits against state officials for injunctive relief.

- You may also be able to sue a state department or agency for employment discrimination and obtain monetary and injunctive relief under section 504 of the Rehabilitation Act, 29 U.S.C. 794 *et seq.*, if the department or agency (or any part of it) receives federal financial assistance.

    - The EEOC does not enforce section 504 of the Rehabilitation Act. Instead, federal agencies that provide financial assistance have section 504 regulations covering entities that receive federal aid, and each federal agency is responsible for enforcing its own regulations. Requirements common to these regulations include reasonable accommodation for employees with disabilities; program accessibility; effective communication with people who have hearing or vision disabilities; and accessible new construction and alterations.

(*Please turn over*)

- Section 504 may also be enforced through private lawsuits. It is not necessary to file a complaint with a federal agency or to receive a "right-to-sue" letter before going to court. Moreover, there is no limitation on compensatory damages.

- Federal courts in some parts of the country have concluded that individuals may sue state or local government employers under Title II of the ADA, which prohibits discrimination on the basis of disability with respect to all of a state or local government's programs and activities. Because this is a complicated issue and the decision in *Garrett* raises even more questions about it, we strongly suggest that you seek the advice of private counsel and/or contact the Department of Justice (at the address and telephone number listed below) before determining whether to file a lawsuit under Title II of the ADA.

- If your ADA charge also claims discrimination based on age or a Title VII basis (race, color, religion, sex, national origin), you need to be aware of the following:

    - The Supreme Court in *Kimel v. Florida Board of Regents* has already barred private Age Discrimination in Employment Act (ADEA) suits against state employers for monetary relief.

    - Neither *Garrett* nor *Kimel* bar private Title VII suits against state employers.

If you have any questions on your rights under the EEOC statutes, or if you wish to be referred to a private attorney who may consider handling your case, please call the EEOC office where you filed your charge. Additional information may be found on the EEOC Internet Website at www.eeoc.gov.

For more information about Section 504 of the Rehabilitation Act or Title II of the ADA, contact:

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66738
Washington, D.C. 20035-6738
(800) 514-0301 (voice)
(800) 514-0383 (TTY)
www.usdoj.gov/crt/ada/adahom1.html